# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES M. COURTNEY,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
|       vs. | )    Civil Case No.   04-148-GPM |
| | ) |
| **JOHN EVANS,** | ) |
| | ) |
|       **Respondent.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is James M. Courtney's § 2254 Amended Petition for a writ of habeas corpus (Doc. No. 25). Courtney is challenging his 2002 conviction in Marion County, Illinois for criminal sexual abuse. After Courtney pleaded guilty to a charge that he had sexual intercourse with his underage step-daughter, he was sentenced to serve six years in prison. The trial court denied Courtney's motion to withdraw his guilty plea. On direct appeal, defense counsel's motion to withdraw was granted on the basis that meritorious issues could not be raised in support of the appeal. Courtney did not oppose that motion, seek leave to appeal to the Illinois Supreme Court, or file a post-conviction petition.

As grounds for relief, Courtney claims that trial counsel provided ineffective assistance by failing to file a motion to suppress evidence of paternity and by failing to present a meaningful challenge to the prosecution's evidence. Courtney further claims that post-trial counsel provided ineffective assistance by failing to present witness testimony at a hearing on his motion to withdraw his guilty plea, failing to file a motion to suppress evidence, failing to file a post-trial motion, representing conflicting interests, and failing to challenge the sufficiency of trial counsel's

representation. Courtney further claims that appellate counsel provided ineffective assistance by failing to raise ineffective assistance of trial counsel and post-trial counsel as issues on appeal. Petitioner concedes that these claims were not raised during the state court proceedings. He argues that his procedural default should be excused because his various attorneys failed to provide adequate legal assistance or because he was unable to seek post-conviction relief in prison.

### I.     Procedural Default

The procedural requirements for obtaining review of a § 2254 habeas petition were recently set forth by the Supreme Court:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*Boerckel v. O'Sullivan*, 526 U.S. 838, 845 (1999). Because Courtney did not give the state courts an opportunity to resolve his Constitutional claims by asking the Illinois Supreme Court to review the outcome of his direct appeal or by pursuing one complete round of post-conviction relief, all grounds supporting Courtney's amended petition are in procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

### II.    Cause

To excuse his procedural defaults on the basis of cause, Courtney must show that some objective factor external to the defense impeded his efforts to challenge his conviction in state court. *Murrqy v. Carrier*, 477 U.S. 478, 488 (1985). This Court may not consider ineffective assistance of counsel as cause for a procedural default unless the ineffective assistance of counsel claim was itself presented to the state courts as an independent claim. *Id.,* 477 U.S. at 489. Because Courtney did not raise ineffective assistance of trial, post-trial, or appellate counsel on direct appeal or in post-

conviction proceedings, he cannot rely on counsel's errors to excuse the procedural default. Also, the Court is not persuaded that Courtney's prison confinement prevented him from filing a post-conviction petition.

### III.   Miscarriage of Justice

The merits of defaulted claims will be considered when there has been a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. at 485. The materials on file show that Courtney pleaded guilty to the charge of criminal sexual abuse because he had sexual intercourse with and fathered a child with his underage step-daughter. A conviction based on Courtney's guilty plea does not amount to a fundamental miscarriage of justice.

IT IS RECOMMENDED that James M. Courtney's amended petition for a § 2254 writ of habeas corpus be DENIED. This action should be DISMISSED.

SUBMITTED:     November 8, 2005     .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**